IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER TUCKER, | **4:23CV3206** |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

The Court held a teleconference with counsel for the parties and counsel for DCF on June 9, 2025. The Court now grants the parties' joint motion for protective order, Filing No. 38, and enters the following Protective Order:

1. **Production of documents subject to protection from disclosure pursuant to K.S.A. 38-2212.** The disclosure of these records is limited by K.S.A. 38-2212, which prohibits the public disclosure of confidential agency records except as provided for in that statute. Pursuant to K.S.A. 38-2212(f), the Court, after an *in camera* inspection, may order the disclosure of the confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court. The court is required to specify the terms of disclosure and impose appropriate limitations.

   In order to facilitate the potential disclosure of these records, DCF will submit all records subject to K.S.A. 38-2212 to the Court for an *in camera* review. Any documents which DCF believes should be subject to limited disclosure or in which appropriate limitations should be ordered by the Court – other than those

limitations otherwise placed on all Confidential Information subject to this Protective Order – will be specifically identified by bates stamp number. DCF will indicate what additional limitations it believes should be placed on the disclosure of the documents, including non-disclosure of the documents entirely, along with the basis for making such a request.

If, after reviewing the documents *in camera*, the Court determines is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court, the Court will issue an order for DCF to produce to the parties such parts of the records it has determined should be disclosed pursuant to K.S.A. 38-2212(f). All such documents will, at a minimum, be subject to the protections afforded Confidential Information contained in this Protective Order. To the extent the Court determines that additional restrictions should be placed on any or all of the documents contained in the agency file, the Court will specifically identify which documents are subject to the increased limitations and provide the Court's basis for imposing the additional restrictions. The additional restrictions imposed by the Court may include, but are not limited to, the following designations:

   a. Non-Disclosure – the documents are not to be disclosed to any party;

   b. Attorney's Eyes Only – the documents are to be disclosed to the attorneys of record in this matter, but the documents and information contained therein are not to be disclosed to the parties or any other individual; or

   c. Redacted Disclosure – the documents are to be disclosed to all parties, but only with certain information redacted from the document.

2. **Scope.** All documents and materials produced by DCF in discovery are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

3. **Protection of Confidential Material.**

a.  **General Protections.** Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

b.  **Who May View Designated Confidential Information.** Except with DCF's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

   1)  The parties, including their employees, agents, and representatives;

   2)  Counsel for the parties and their employees and agents;

   3)  The court and court personnel, including any special master appointed by the court, and members of the jury;

   4)  Court reporters, recorders, and videographers engaged for depositions;

   5)  Any mediator appointed by the court or jointly selected by the parties;

   6)  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

   7)  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

   8)  The author or recipient of the document (not including a person who received the document in the course of the litigation); and

   9)  Other persons only upon consent of DCF and on such conditions as the parties may agree.

c. **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

4. **Filing Confidential Information**. A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

5. **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial, including potentially retaining the documents in a separate file to which further access shall be denied to all except upon further order of the court.

6. **Obligations on Conclusion of Litigation.**

   a. **Order Remains in Effect**. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

   b. **Returning Confidential Documents**. Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to DCF, postage served paid by the party returning the documents.

   c. **Retaining Work Product**. Notwithstanding the above requirements to return, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

7. **Modification**. This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties and DCF have been given notice and an opportunity to be heard on the proposed modification

8. **Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

9. **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

10. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify DCF, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford DCF an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. DCF bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

12. **DCF shall submit the documents for *in camera* review by emailing chambers (deluca@ned.uscourts.gov) within ten (10) days of the date of this Order.**

Dated this 9th day of June, 2025.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

6