IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER TUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | 4:23CV3206<br><br><br>**ORDER** |

This matter is before the Court on the parties' request to release documents submitted *in camera* pursuant to the Court's June 9, 2025, protective order. Filing No. 41. For the reasons below, the request will be denied.

On June 3, 2025, the parties filed a joint motion for protective order seeking to appropriately obtain subpoenaed records from the Kansas Department for Children and Families (DCF) relating to an investigation performed by DCF regarding Plaintiff's former spouse and children. These records are subject to K.S.A. § 38-2212 which provides the disclosure of confidential agency documents after an *in camera* inspection if the disclosure of the documents is in the best interest of the child who is the subject of the reports or the records are necessary for the proceedings of the court. K.S.A. § 38-2212(f). On June 9, 2025, the Court held a telephone conference with the parties and counsel for DCF. Filing No. 40. The parties, including DCF, stipulated to the protective order and DCF did not oppose an *in camera* review of the records. Thereafter, the Court granted the

1

motion for protective order and ordered DCF to submit the subject documents for *in camera* review. Filing No. 41.

Both parties support disclosure of the records while DCF's position remains that the documents, in their entirety, should not be disclosed. *See* Attachment A. Specifically, Plaintiff contends the records are necessary to the proceeding because they would "provide documentation of the timing of Plaintiff's injury in relation to the custody matters that required delays in Plaintiff's medical treatment following his injury", "provide additional information regarding [his wife's] action and how those actions affected the children and necessitated that Plaintiff needed to prioritize their care and counseling over his own health," "are relevant to the separation of Plaintiff and [his wife] as a result of his injuries", and are necessary for impeachment purposes. *See* Attachment A at 5. Defendant joins in many of these arguments. *Id*. at 9.

The records have now been received and reviewed by the Court. Upon *in camera* review of the subject documents, the Court finds disclosure of the documents is <u>not</u> in the best interest of the child who is the subject of the reports and that the records are <u>not</u> necessary for the proceedings of the court. In order to determine the necessity for the court's proceedings, a court considers whether it would be "possible to adequately resolve the factual disputes in this case without disclosing some of the confidential agency records." *Adkins v. TFI Fam. Servs., Inc.*, No. 2:13-CV-02579-DDC, 2015 WL 4744461, at *1 (D. Kan. Aug. 11, 2015).

Here, DCF submitted 37 pages of documents, much of which is duplicative, relating to a single incident after which Plaintiff was granted emergency physical custody of his children on July 27, 2021. A review of these documents plainly shows they are not necessary for the current proceedings before the Court. Rather, the parties have identified numerous other sources for the information contained in the documents and/or to effectuate the supposed use of the documents. For instance, Plaintiff contends the documents confirm the timing of his injuries and his

pursuit of treatment, or lack thereof. But the District Court of Salina County, Kansas Emergency Order, and corresponding motion, provide all the necessary timing information Plaintiff seeks. *See* Attachment B.[1] The state court order would additionally provide evidence of a possible bias on behalf of Plaintiff's wife. Relatedly, upon review, the documents do not provide information relating to the separation from his wife – an event that had already occurred at the time the DCF records were created. Moreover, Plaintiff (and other identifiable individuals) have firsthand knowledge of the information contained within the documents. Finally, the justifications for disclosure provided by the parties are rather far removed from the chief factual disputes of the case. Under such circumstances, the Court finds the disclosure of confidential DCF records pursuant to K.S.A. § 38-2212 inappropriate.

Should either party identify a specific instance related to impeachment which they believe the confidential documents would be relevant, the Court will reconsider the above finding upon proper motion. Any such motion must be filed by November 7, 2025.

IT IS ORDERED:

1. Plaintiff's and Defendant's joint request to release DCF records pursuant to the Protective Order is denied.
2. The Clerk of the Court is directed to mail a copy of this order to DCF Counsel at Kevin.Carrico@ks.gov.

Dated this 2nd day of July, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

---

[1] The Court takes judicial notice of the state court records found in Attachment B. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (Court may take judicial notice of judicial opinions and public records.).